Eastern District of Kentucky
**FILED**

JUN 23 2022

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA

V.                                        INDICTMENT NO. 6:22-cr-41-CHB

MICHAEL L. HOWELL

\* \* \* \* \*

THE GRAND JURY CHARGES:

## COUNT 1
## 18 U.S.C. § 371

### A. AT ALL TIMES MATERIAL

1. Defendant **MICHAEL L. HOWELL** was employed as a trooper with the Kentucky State Police ("KSP") and was stationed at KSP Post 11, located in Laurel County, Kentucky.

### B. THE CONSPIRACY

2.       On or about August 18, 2020, and continuing through on or about August 22, 2020, in Whitley County and Laurel County, in the Eastern District of Kentucky,

**MICHAEL L. HOWELL,**

knowingly and willfully combined, conspired, and agreed with a fellow KSP Trooper ("Trooper 1") and others known and unknown to the grand jury to violate 18 U.S.C. § 1512(b)(3) by knowingly engaging in misleading conduct toward another person with

the intent to hinder, delay, and prevent the communication of information to a federal law enforcement officer and judge relating to the commission and possible commission of a federal offense.

## Manner and Means of the Conspiracy

It was the plan and purpose of the conspiracy for defendant **HOWELL** and Trooper 1, along with others known and unknown to the grand jury, to conceal the true nature of force used by KSP troopers, and the true nature of the circumstances under which troopers used force, against an arrestee, B.H., in or about the early morning hours of August 18, 2020. They carried out the conspiracy by, among other things, agreeing upon a false narrative and agreeing to stick with that narrative when being interviewed by supervisors.

## Overt Acts

In furtherance of this conspiracy and to effect the objects thereof, members of the conspiracy engaged in the following overt acts:

1. Defendant **HOWELL** asked KSP Trooper 1 shortly after the use of force what false narrative they were "sticking with" regarding the use of force.

2. Defendant **HOWELL** and Trooper 1 discussed a false narrative and agreed that they had to make the cover story "the closest thing possible [to what] the video would show," in case the use of force had been recorded.

3. After agreeing on the cover story, defendant **HOWELL** gave an interview on August 20, 2020, to a KSP supervisor who was investigating the use of force as part of a KSP Response to Resistance ("RR") interview. During that interview,

defendant **HOWELL** knowingly misled his supervisor by failing to disclose that B.H. had been repeatedly punched in the face. **HOWELL** also omitted that the use of force against B.H. was, in his own words, "pretty bad" and that he hoped the use of force had not been recorded.

4. Trooper 1 also gave an interview to the same KSP supervisor on August 20 as part of the RR investigation. During that interview, Trooper 1 also repeated the cover story and knowingly misled his supervisor by falsely claiming that B.H. had attempted to flee and then refused to give his hands prior to Troopers using force on him.

All in violation of 18 U.S.C. § 371.

## COUNT 2
## 18 U.S.C. § 1512(b)(3)

5. Paragraph 1 is realleged and incorporated by reference as if fully set forth herein.

6. On or about August 20, 2020, in Laurel County, in the Eastern District of Kentucky,

### MICHAEL L. HOWELL,

knowingly engaged in misleading conduct towards another person in order to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States information relating to the commission and possible commission of a federal offense. Specifically, defendant **HOWELL** failed to mention that B.H. had been repeatedly punched in the face on August 18, 2020. **HOWELL** also omitted that the use of force against B.H. was, in his own words, "pretty bad" and one that he hoped had not

been recorded, all in violation of 18 U.S.C. §1512(b)(3).

A TRUE BILL

████████████

FOREPERSON

_signature_ for
CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## **PENALTIES**

**Count 1:** Not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release.

**Count 2:** Not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.